C. V. DAVIDSON, Appellant, v. HARVEY SLACK and TAMOR SLACK, Appellees, and IOWA COLLECTION & LOAN COMPANY, Appellant.

Specific performance: DISPOSAL OF WIFE'S PROPERTY BY HUSBAND: AUTHORITY: BURDEN OF PROOF. In seeking to enforce specific performance of a husband's contract to transfer his wife's property, the plaintiff has the burden of showing the husband's authority to bind the wife by the agreement. Evidence held insufficient to show authority of the husband to dispose of his wife's land in exchange for property.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

SATURDAY, MARCH 13, 1909.

REHEARING DENIED SATURDAY, JUNE 5, 1909.

ACTION in equity for specific performance. Decree for defendant Tamor Slack, and the plaintiff and the Iowa Collection & Trust Company appeal.—*Affirmed.*

*Ira W. Anderson,* for appellants.

*Tom H. Milner* and *L. A. Smyers,* for appellees.

WEAVER, J.—The defendant Harvey Slack entered into a contract with the plaintiff, Davidson, by which, in consideration of the transfer to him of a stock of drugs located in Fairfield, Iowa, he undertook to pay to plaintiff $500 in cash, $500 in a deferred installment secured by mortgage on said stock, and to assign and transfer to plaintiff a certain contract which he described as being held by him for the purchase of a certain lot in University Place in the city of Des Moines. The transaction appears to have been completed by the plaintiff on his part, and at or about the same time the defendant Harvey Slack paid the first installment of $500 upon the agreed purchase price, and gave his note and mortgage for the deferred payment, and agreed to make an assignment of the lot contract within thirty days. Later it transpired that the contract for the purchase of the lot was held by the defendant Tamor Slack, who refused to recognize or ratify the agreement entered into by her husband, and thereupon this action was instituted. After the action had been pending for some time, plaintiff procured a default to be taken against both parties, and a decree to be entered for the relief demanded, and later made conveyances of the lot, or of his interest therein, to the Iowa Collection & Trust Company. Thereafter the defendants Harvey Slack and Tamor Slack applied to have the decree and default against them set aside, as having been procured wrongfully, and for leave to make defense to the plaintiff's claim. This application was resisted by both

plaintiff and the trust company; but on hearing by the court the decree was vacated and default set aside as to Tamor Slack, but left in full force as to Harvey Slack. Trial being had upon the merits of the controversy, the court found the said Tamor Slack to be the owner of the lot contract, and as to her dismissed the plaintiff's petition.

Without prolonging this opinion with a statement or discussion of the testimony upon that point, we have to say that an examination of the entire record leads us to agree with the conclusion of the trial court that Mrs. Slack was the holder and owner of the contract of purchase in her own right at the date of the deal made between her husband and the plaintiff, and the principal question for our consideration relates to the husband's authority, if any, to bind her by his agreement with the plaintiff. Slack and wife were at this time residents of Belle Plaine, Iowa. The agreement with the husband, which plaintiff seeks to enforce against the wife in this action, was made in Fairfield, Iowa. Mrs. Slack was not present, and so far as shown took no part in it, or in the previous negotiations leading up to it. There is no evidence whatever that she knew her husband contemplated turning in her property as part consideration for this stock of drugs. It does appear that, when the terms of the deal had been agreed upon between him and the plaintiff, the husband telephoned to his wife at Belle Plaine to send him the $500 needed to make the advance payment; but she seems not to have understood him, and he procured the needed funds by telegraphing to a bank at that place. There is nothing to show that in this communication the wife was informed of his agreement to assign the lot contract, or that she assented thereto. In fact, while there are circumstances tending to show that Mrs. Slack allowed or depended upon her husband to attend to the care of this property, there is an utter absence

of testimony showing any express or implied authority to him to sell or dispose of it. Since being informed of his attempt so to do, she has at all times consistently refused to ratify his agreement or to be bound thereby.

Upon such a record, the burden being upon the plaintiff to show authority in the husband to deal with the property, we have no alternative except to hold that the decree dismissing the plaintiff's petition is right; and it is therefore *affirmed.*